

*mch*

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Calvin C. Miner*<br>*Assistant United States Attorney*<br>*Calvin.Miner@usdoj.gov* | *Suite 400*<br>*36 S. Charles Street*<br>*Baltimore, MD 21201-3119* | *DIRECT: 410-209-4860*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-2310* |

———— FILED _____ ENTERED
———— LOGGED _____ RECEIVED

April 10, 2026

APR **1 3** 2026

AT GREENBELT
CLERK, U.S. DISTRICT COURT
BY    DISTRICT OF MARYLAND
DEPUTY

Rosana Chavez, Esq.
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770

> Re:   United States v. Tilson Santamaria-Orellana,
>       Criminal No. 1:26-CR-00129-TJS

Dear Counsel:

This letter confirms the plea agreement (this "Agreement") that has been offered to your client, Tirso Santamaria (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. **This agreement will be submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).** If this offer has not been accepted by **April 24, 2026 at 5:00 p.m.**, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

1.      The Defendant agrees to plead guilty to a Criminal Information which will charge him with illegally entering the United States, in violation of 8 U.S.C. § 1325(a), a Class B misdemeanor. The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court. The Defendant further agrees to waive venue and statute of limitations as to the sole count charged in the Criminal Information.

### Elements of the Offense

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: (1) the Defendant was an alien at the time of the offense alleged in the Information, and (2) the Defendant entered the United States unlawfully by eluding examination or inspection by immigration officers.

<u>Penalties</u>

3.    The relevant maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|-------|---------|----------------|----------------|--------------------|--------------|--------------------|
| 1 | 8 U.S.C. § 1325(a) | N/A | 6 months | 1 year | $5,000 | $10 |

<u>Waiver of Rights</u>

4.    The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.    If the Defendant had pleaded not guilty and persisted in that plea, the Defendant would have had the right to a speedy trial with the close assistance of competent counsel. That trial would be conducted by a judge, without a jury.

b.    If the Defendant elected a trial, the Defendant would carry the presumption of innocence, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.    If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.    The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could not draw any adverse inference from the Defendant's decision not to testify.

e.    If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be

2

admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g.    If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Waiver of Venue

5.    The Defendant further understands that, pursuant to the Sixth Amendment to the United States Constitution, and Federal Rules of Criminal Procedure 18 and 58(c)(2), the Defendant has the right to be prosecuted in a district where the offense was committed. Accordingly, the Defendant understands that venue for the offense charged in the Criminal Information may lie in a district outside the District of Maryland. Nonetheless, by entering into this Agreement, the Defendant agrees to waive any challenge to venue and consents to be prosecuted pursuant to the Criminal Information in the District of Maryland.

## Waiver of Limitations Defense

6.    The Defendant further understands that, pursuant to 18 U.S.C. § 3282(a), any prosecution for a violation of 8 U.S.C. 1325(a) must be initiated within five years of the offense being committed. Nonetheless, by entering into this Agreement, the Defendant agrees to waive any statute of limitations defense.

## Stipulations Concerning Sentencing and Facts

7.    The offense of conviction, 8 U.S.C. § 1325(a), is a Class B misdemeanor as defined by 18 U.S.C. § 3559(a)(7). Under United States Sentencing Guidelines § 1B1.9, the sentencing guidelines do not apply to such an offense.

8.    At the time of sentencing, this Office and the Defendant will jointly request that the Court impose a sentence of **time served**, as provided in paragraph 10.

9.      The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt.  The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.  The Defendant agrees that the following facts are true and that the Defendant is in fact guilty of the crime charged in the Information:

**Tilson Santamaria-Orellana, the Defendant,** was born in Honduras and has, at all relevant times, been a citizen of Honduras and an alien to the United States. Tirso Santamaria entered the United States without examination or inspection by immigration officers at an unknown date. Thereafter, Tirso Santamaria entered Maryland where he was apprehended on March 16, 2026.

## Fed. R. Crim. 11 (c)(1)(C) Plea

10.      The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a term of imprisonment of **time served** is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a).  This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event  that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void.  Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

## Waiver of Appeal

11.      In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever.  This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b.      The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional

4

challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

        c.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

<u>Entire Agreement</u>

12. This letter constitutes the complete plea agreement in this case. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Kelly O. Hayes
United States Attorney

4/13/2026
Date

Calvin C. Miner
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

4/13/2026
Date

Tilson Santamaria-Orellana
Defendant

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

4/13/2026
Date

Rosana Chavez, Esq.
Counsel for Defendant